UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LINDA M. MUCKLER, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, <br> Commissioner, Social Security <br> Administration, <br><br> Defendant. | Civ. 08-5005-KES <br><br><br> ORDER AFFIRMING <br> DECISION OF COMMISSIONER |

Plaintiff, Linda M. Muckler, appealed the denial of her application for social security benefits by the Social Security Administration. Docket 1. The case was referred to United States Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. Docket 19. On April 15, 2009, Magistrate Judge Duffy submitted her report and recommendation for disposition of this case to the court. Docket 20. Magistrate Judge Duffy recommends that this court affirm the Administrative Law Judge's (ALJ's) finding that Muckler was not disabled during the time period in question in this case: December 27 through December 31, 1990. Muckler objects to four of the proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1). Docket 23. The court reviewed the matter de novo and accepts in whole the findings and recommendations of Magistrate Judge Duffy as supplemented herein.

**STANDARD OF REVIEW**

The decision of the ALJ must be upheld if substantial evidence in the record supports it as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind might find it adequate to support the conclusion. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Fines v. Apfel, 149 F.3d 893 (8th Cir. 1998); Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995). Review by this court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

Under section 405(g), the court is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Further, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); see also Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir. 1993). The court must review the Commissioner's

decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983). The Commissioner's conclusions of law are only persuasive, not binding, on the reviewing court. Smith v. Sullivan, 982 F.2d at 311; Satterfield v. Mathews, 483 F. Supp. 20, 22 (E.D. Ark. 1979), aff'd per curiam, 615 F.2d 1288, 1289 (8th Cir. 1980). If the ALJ's decision is supported by substantial evidence, then this court cannot reverse the decision of the ALJ even if the court would have decided it differently. Smith v. Shalala, 987 F.2d at 1374.

**DISCUSSION**

As a preliminary matter, the court finds that the ALJ considered all of the evidence. Each of Muckler's objections to the report and recommendation includes an argument that the ALJ failed to consider or give proper weight to evidence in the record. The court agrees that "the ALJ must specifically demonstrate that he considered all of the evidence." Masterson v. Barnhart, 363 F.3d 731, 738 (8th Cir. 2004). But "an ALJ is not required to mention each medical report" and may focus on those reports that support his conclusion. Thornton v. Astrue, No. 08-1514, 2009 WL 2169029, at *1 (8th Cir. 2009); see Wheeler v. Apfel, 224 F.3d 891, 896 (8th Cir. 2000). Furthermore, "[a]n ALJ's failure to cite specific evidence does not indicate that it was not considered." Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000); see

3

also Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 2000) (finding it "highly unlikely that the ALJ did not consider and reject" particular statements from a physician when he had mentioned others). In the instant case, the ALJ has met his burden by demonstrating the he carefully evaluated the whole of the record.

Muckler first objects to the recommendation that the court affirm the ALJ's finding that Muckler's depression was not a severe impairment during the period in question. Specifically, Muckler argues that the medical expert the ALJ relied on for the psychiatric review technique failed to consider all of the relevant evidence, that the ALJ failed to properly consider the testimony of Dr. Simpson, that the ALJ did not consider the combined effect of Muckler's pain and depression, and that the magistrate judge erred in citing Muckler's failure to seek psychiatric counseling as evidence for lack of depression. When these errors are corrected, Muckler claims, the evidence indicates that her depression was a severe impairment.

The court has carefully reviewed the record and finds that substantial evidence supports the ALJ's decision. The psychiatric review technique form filled out by Dr. Kristy Farnsworth is sufficient. The fact that evidence is not mentioned does not mean that it was not considered. Craig, 212 F.3d at 436. Although Dr. Farnsworth does not mention Dr. Gary Dickson's opinion, there is no reason to believe that she did not consider it: Dr. Dickinson did not

4

conclude that Muckler was clinically depressed, but suggested that she was "probably more depressed than she realizes." (Administrative Record 282.) In his "Conclusions and Recommendations," Dr. Dickinson proposes that Muckler undergo a chronic pain program with an emphasis on education and stress management, but he does not advise either therapy or medication for depression. (A.R. 282-83.) Similarly, Dr. Farnsworth does not mention Dr. Anderson's opinion, but it is reasonable to believe that she considered it and discounted it because it was the work of an orthopedist and conflicted with the opinion of mental health specialists. Furthermore, the ALJ does demonstrate that he carefully evaluated the entire medical record, including Dr. Anderson's notes. (A.R. 1009, 1012-14.)

The other three arguments also fail. While it is true that the ALJ did not mention Dr. Simpson in his opinion, the ALJ did consider and accord little weight to the evidence of depression provided by Dr. Anderson, whose records were the basis of Dr. Simpson's opinion. (A.R. 1012.) Contrary to Muckler's allegation, the ALJ stated that "even though an alleged impairment was determined to be non-severe, the undersigned considered the limiting effects of all the claimant's impairments in establishing the RFC." (A.R. 1012.) Finally, the magistrate judge was justified in considering Muckler's failure to seek treatment as evidence that her condition was not severe. See Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) ("Especially in cases . . . where

medical evidence is conflicting, a claimant's failure to seek treatment may buttress a particular physician's opinion.").

For the reasons set forth above and those in Magistrate Judge Duffy's thorough and well-reasoned report and recommendation, the court finds that there is substantial evidence that Muckler's depression was not a severe condition.

Muckler next argues that the magistrate judge erred in failing to find fault with the ALJ for not mentioning treating physician Dr. John David Sabow's opinion that Muckler was disabled. The court disagrees. In fact, the ALJ did mention Dr. Sabow's 1993 opinion in his decision (A.R. 1009), and he relied on Dr. Farnsworth's psychiatric review technique form, which referred to Dr. Sabow's 1997 opinion (A.R. 1290).

The court also agrees with the magistrate judge that the ALJ did not err in failing to give controlling weight to Dr. Sabow's opinion. As was noted by both the magistrate judge and the ALJ, the 1993 opinion does not directly pertain to the period of time in question here. The 1997 opinion consists of a few words handwritten on the face of a request for information from Muckler's attorney. (A.R. 1162.) Beside questions posed by the attorney, Dr. Sabow indicated that before December 31, 1990, Muckler was incapable of substantial gainful employment due to chronic pain syndrome. (A.R. 1162.) When the attorney asked that Dr. Sabow's response include "a reasoned medical

rationale for your opinions," Dr. Sabow wrote, "please refer to notes." (A.R. 1162.) The notes in the record, however, do not support Dr. Sabow's conclusion. The last note before the time period in question was a May 13, 1987, record of normal nerve response test results. (A.R. 977.) The next note, dated March 13, 1991, also recorded normal test results. (A.R. 978.) The succeeding notes dated that year describe prescription refills and general improvement. (A.R. 978-80.)

Neither an unsupported conclusory statement nor a medical-source opinion that an applicant is disabled is the type of opinion to which controlling weight should be given. See Ellis v. Barnhart, 392 F.3d 988, 994-96 (8th Cir. 2005); 20 C.F.R. § 404.1527(d)-(e). Dr. Sabow's 1997 opinion falls under both of these categories. For the reasons set forth above and those in Magistrate Judge Duffy's report, the court finds that substantial evidence supports the ALJ's decision not to accord Dr. Sabow's opinions controlling weight.

Muckler's third objection is to Magistrate Judge Duffy's recommendation that the court affirm the ALJ's decision not to give controlling weight to treating physician Dr. Dale Anderson's June 2000 opinion that Muckler was disabled during the relevant time period. Muckler argues that the magistrate judge erred by stating that the letter did not contain a time frame, by stating that the opinion was outside of Dr. Anderson's area of expertise, and by stating that the opinion was contradicted by Dr. Anderson's own records. The

7

magistrate judge's opinion does not rely on her finding that Dr. Anderson did not state a time frame, but rather addresses it as though the opinion was directed to the relevant time period, so the first argument is moot. The court agrees with Magistrate Judge Duffy on the other two issues for the reasons given in her report. Therefore, the court finds that the ALJ's decision not to give Dr. Anderson's opinion controlling weight is supported by substantial evidence.

     Muckler's final objection is to the magistrate judge's recommendation that the court affirm the ALJ's findings on Muckler's credibility. She argues that the ALJ improperly failed to consider the impact of her depression on her physical pain; that because her condition was chronic and waxed and waned, reported daily activities should not be used as evidence that she was not disabled; and that the magistrate judge erroneously stated that there was no medical support for her claimed residual functional capacity. Although he found Muckler's depression non-severe, the ALJ did properly consider it in combination with her physical pain. (A.R. 1012.) The ALJ's consideration of Muckler's reported daily activities near the relevant time period was also proper as part of his evaluation of the Polaski factors. See, e.g., Wagner v. Astrue, 499 F.3d 842, 852 (8th Cir. 2007); Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). Finally, the magistrate judge was correct in noting that "nowhere in the medical record is there support for [Muckler's] alleged

8

limitations." (Report and Recommendation 72.) While Muckler cites the rejected retrospective opinions of Dr. Sabow and Dr. Anderson to the effect that she was disabled by depression, Magistrate Judge Duffy was referring to Muckler's subjective complaints of disabling pain at the administrative hearings. For these reasons and those in the magistrate judge's report, the court finds that substantial evidence supports the ALJ's adverse finding on Muckler's credibility.

After de novo review of the matter, including careful review of the administrative record and all of parties' briefs, the court concurs with Magistrate Judge Duffy's recommendation for the reasons stated above and those set forth in the report and recommendation. Therefore, it is hereby

ORDERED that the decision of the Commissioner is affirmed.

Dated August 14, 2009.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE